UNITED STATES JAYCEES et al., Plaintiffs,

v.

CHICAGO JUNIOR ASSOCIATION OF COMMERCE AND INDUSTRY, Defendant.

No. 80 C 3358.

United States District Court, N. D. Illinois, E. D.

Jan. 21, 1981.

Shayle P. Fox, Paul R. Garry, Mark D. Pearlstein, Fox & Grove, Chicago, Ill., for plaintiffs.

Samuel K. Skinner, Robert M. Olian, Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiffs United States Jaycees and Illinois Jaycees, Inc. (collectively "Jaycees") have sued a former affiliate, Chicago Junior Association of Commerce and Industry ("Chicago Junior Association" or the "Association") to bar the latter's use of a number of marks (service marks and collective membership marks, all of which include the word "Jaycees" or a variant) registered by the Jaycees under the Lanham Act (15 U.S.C. §§ 1051–1127). Jaycees seek injunctive and other relief under the trademark infringement provisions of the Lanham Act (Count I), the false representation provisions of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), common law rights against unfair competition (Count III) and the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, § 312 (Count IV).

Chicago Junior Association disaffiliated from Jaycees in 1980. Judging by the 11 affirmative defenses asserted by the Association, that separation was motivated by Jaycees' policy of alleged sex discrimination in its membership practices. Jaycees have moved to strike all but one of those affirmative defenses. For the reasons stated in this memorandum opinion and order, Jaycees' motion is granted in part and denied in part.

### Affirmative Defenses to Count I

On the uncontroverted allegations of the Complaint, buttressed by certified copies of the mark registrations themselves, Jaycees' registered marks have become incontestable under 15 U.S.C. § 1065. That being the case, this Court's options are circumscribed by the statute and by squarely controlling precedent of our Court of Appeals. Notwithstanding its powers as an equity court, this Court cannot permit its own views of the impermissibility of sex discrimination to override its duty to follow the plain mandate of its immediate superior in the federal judicial system. That way would lie anarchy.

Under 15 U.S.C. § 1115(b) the effect of incontestability is to foreclose *all* defenses except the seven defenses specifically enumerated in the statute. That provision must be contrasted with the provisions of Section 1115(a), which specifies that a registered mark that has not yet become incontestable provides only *prima facie* evidence of the registrant's exclusive rights, "but shall not preclude an opposing party from proving *any legal or equitable defense* or defect which might have been asserted if such mark had not been registered" (emphasis added).

Thus as a matter of statutory construction alone, this Court would be justified in drawing the inference that the kinds of defenses normally available to a defendant in a suit in equity cease to be available once a registered mark crosses the line into a status of incontestability. But it is not necessary to rely on inferences, for the Court of Appeals for the Seventh Circuit has dealt with the issue both recently and in a definitive manner.

In *Union Carbide Corp. v. Ever-Ready, Inc.,* 531 F.2d 366 (7th Cir. 1976), *cert. denied,* 429 U.S. 830, 97 S.Ct. 91, 50 L.Ed.2d 94 (1976), our Court of Appeals established conclusively that the types of defenses traditionally available in the exercise of equitable jurisprudence are foreclosed in an action for infringement of a valid incontestable Lanham Act registration. It specifically rejected the defensive/offensive dichotomy that had found favor with some other courts and had been suggested by one of its own earlier decisions.[1]

As the Court of Appeals stated, 531 F.2d at 377:

> In light of this authority, we hold that a plaintiff in an infringement action establishes conclusively, under § 1115(b), his

---

1. Despite the decision in *Union Carbide*, the Association argues that equitable defenses should be available where, as here, the plaintiff is seeking the essentially equitable relief of an injunction. That argument cannot be sustained, for *Union Carbide* itself was an injunction case in which the plaintiff sought no damages, 531 F.2d 371.

exclusive right to use a trademark to the extent he shows his trademark has become incontestable under § 1065. Incontestability does not broaden a trademark in the sense that it allows a registrant to claim rights over a greater range of products than he would otherwise be entitled to claim; but once incontestability is established, registrant's mark is immune from challenge on any grounds not enumerated in § 1115(b). There is no defensive/offensive distinction in the statute, and we do not believe one should be judicially engrafted on to it.

\* \* \* \* \* \*

Plaintiff has established incontestability under § 1065, and defendants in the present appeal have not shown that any of the first six defenses enumerated in § 1115(b) are available to them. These findings establish the validity of plaintiff's mark and would be sufficient for us to proceed immediately to consider the district court's conclusions regarding likelihood of confusion.

1 Gilson, *Trademark Protection and Practice* § 4.03[3] at 4–22 to 24.1 discusses the thrust of *Union Carbide* and might well have been written for the present case:

> At least in the Seventh Circuit, defenses which are not specifically enumerated in Section 33(b) may not be raised in an action for infringement of a valid incontestable trademark registration. In *Union Carbide Corp. v. Ever-Ready Corp.* ... the court in a particularly well-reasoned decision went farther than any other court in authoritatively interpreting Section 33(b) in the way which Congress apparently intended.

\* \* \* \* \* \*

The court in *Union Carbide* did not suggest that certain defenses which are not enumerated in Section 33(b), such as the equitable defenses of laches, estoppel, acquiescence, and unclean hands, would remain available in an action for infringement of an incontestable registration. Indeed, some lower courts had already decided that because equitable defenses are not enumerated they are not availa-

ble in such an action. A reading of Section 33 in its entirety supports this conclusion, however extreme it may seem to a chancellor who is jealous of his prerogative to entertain equitable defenses. For example, Section 33(a) states that "any registration" on the principal register is prima facie evidence of the registrant's exclusive right to use the mark in commerce, "but shall not preclude an opposing party from proving any legal or equitable defense or defect which might have been asserted if such mark had not been registered." Unless "any registration" is interpreted to include an incontestable registration, thus rendering Section 33(b) meaningless, Section 33(b) must be regarded as carving out a special set of rules for incontestable registrations. The effect of these rules is to narrow the availability of defenses from "any ... equitable defense or defect" to those enumerated in Section 33(b). Read in this manner, the Section as a whole indicates that the equitable defenses must be foreclosed.

\* \* \* \* \* \*

There appears to be no statutory basis for this result, [permitting the assertion of a laches defense to an incontestable registration] unless one reads Section 34 as adding equitable defenses to Section 33(b) even though they are not enumerated. Section 34 empowers courts in actions brought under the Act to grant injunctions "according to the principles of equity," thus providing a statutory basis for a court to uphold equitable defenses such as laches, estoppel, and unclean hands in an action based on an incontestable registration. Nevertheless, Congress did not include such defenses in Section 33(b), although it had no trouble referring to "equitable defenses" in Section 33(a) and "principles of equity" in Section 34. The omission in Section 33(b) does not seem an oversight.

Most recently the Court of Appeals for the Fifth Circuit has reconfirmed that reading of the statute and *Union Carbide* in *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1184 (5th Cir. 1980):

Once a mark has been registered, proof of registration is prima facie evidence of the registrant's right to use the mark, but it does not preclude one who is sued for trademark infringement from proving "any legal or equitable defense or defect which might have been asserted if such mark had not been registered." 15 U.S.C. § 1115(a). If, however, a registrant has used his mark in connection with the goods or services specified on his registration for five continuous years after the registration date, his mark is deemed "incontestable," *id.* 1065; his registration constitutes "conclusive evidence" of his right to use the mark, subject only to the seven defenses enumerated in 15 U.S.C. § 1115(b).

 It only remains to track the 11 affirmative defenses tendered by the Association against the seven defenses permitted under Section 1115(b) as interpreted by *Union Carbide*:

(1) Unclean hands and inequitable conduct (the First Affirmative Defense), "unlawful purpose and practice" (the Second), laches, waiver, estoppel and acquiescence (the Fourth), absence of secondary meaning (the Eighth), concurrent right of use (the Ninth) and the Association's claimed prior use (the Eleventh) are not permitted defenses under Section 1115(b).[2]

(2) Invalidity (the Third Affirmative Defense) is not a permitted defense under *Union Carbide* except to the extent that the claimed invalidity is caused by one of the seven defenses specifically identified in Section 1115(b). Because the Association asserts only one of those specific defenses (referred to in the next sentence), its general invalidity defense will be stricken as to Count I.

(3) Abandonment (the Fifth Affirmative Defense) is a permitted defense under Section 1115(b)(2).

(4) Statute of limitations (the Sixth Affirmative Defense) will not be stricken as a pleading matter, but any argument that Jaycees' claim is barred by limitations is of course dependent on a factual showing by the Association.

(5) Failure to state a claim upon which relief can be granted (the Seventh Affirmative Defense) is stricken as a defense. It is impermissible simply to state such a conclusion under Fed.R.Civ.P. 12(b)(6), without adding the necessary specificity and supporting authority.

(6) Lack of confusion (the Tenth Affirmative Defense), or more accurately the absence of likelihood of confusion, is a defense proper for consideration (see *Union Carbide*, 531 F.2d at 377, 381–88; 1 Gilson, *op. cit. supra*, at 4–24.2 to 24.3).

As to Count I, then, Jaycees' motion is granted to the limited extent indicated in the above analysis.

*All Other Counts*

In their anxiety to do battle in what they view as the major arena, both Jaycees and Chicago Junior Association appear to have forgotten that Jaycees' complaint asserts multiple claims. Neither party has addressed the impact (if any) of the incontestability of Jaycees' marks on the claims asserted in subsequent Counts of Jaycees' Complaint.

 Section 43(a) of the Lanham Act, relied on in Count II, does not depend on federal *registration* of an allegedly infringed mark. It is generally viewed as the federal enactment of at least part of the law of unfair competition. Jaycees' pendent claims in Counts III and IV, one common-law and the other statutory, are similar in nature. There appears to be no reason that Section 1115(a) should operate to bar equitable defenses in response to any of those claims seeking equitable relief, nor is

---

**2.** As to the Second Defense, Section 1115(b)(7) specifically permits a defense that "the mark has been or is being used to violate the antitrust laws of the United States." By negative inference from that specific item, as well as by reason of their general non-inclusion in Section 1115(b), other allegedly unlawful purposes and practices may not be raised. As to the Eleventh Defense, prior use by the alleged infringer is a permitted defense under Section 1115(b)(6) only if the infringer's mark was also *registered*, which is not claimed by the Association.

there any reason that the limited defenses that *are* available against Count I should not also be available against the claims in the other Counts. Accordingly, Jaycees' motion is denied in its entirety as to Counts II, III and IV.